Edward Robinson, Jr., J.
This is a motion made by the plaintiff for summary judgment pursuant to rule 113 of the Rules *955 of Civil Practice. The action is brought by the plaintiff to recover a deposit of down payment of $1,500 under a contract for the sale of real property.
On the 27th day of September, 1957 the plaintiff as purchaser entered into a contract in writing with the defendant for the purchase and sale of a residence at Woodmere, Nassau County, New York.
The contract contained the following condition: “ This sale is conditioned upon the purchaser obtaining a United States Veteran’s Approved Mortgage in the sum of at least $21,500.00 payable in 20 years with interest at 4 and % percent. In the event same is not obtained, purchaser may at his option declare this contract to be null and void and upon return of the monies deposited by him under this contract neither party shall have any further claim as against the other.”
On March 13,1958 a certificate of reasonable value was issued by the Veterans’ Administration in the necessary amount and the proposed mortgagee issued a mortgage commitment on the 29th day of December, 1958. Title was not closed on the contract date of January 2, 1959 inasmuch as the survey was not completed until January 23, 1959.
On the 4th day of February, 1959 the Veterans’ Administration modified its certificate by requesting that an alleged termite condition be exterminated, a five-year guarantee against any renewal thereof be obtained and replacement of defective parts. On the basis of this report, the proposed mortgagee revoked its commitment on the 5th day of February, 1959 and on the same date the plaintiff purchaser exercised his option under the contract and notified the seller of such election to cancel the contract and demanded return of the deposit. On March 9, 1959 the Veterans’ Administration, by indorsement reinstated the original certificate as follows: ‘ ‘ Certification has been received from a recognized exterminating company that subject home is termite free and a five-year guarantee against reinfestation has been accepted.”
It does not appear from the papers submitted, what further action, if any, was talien by the proposed mortgagee after the situation as to termites was finally resolved.
The defendant thereupon attempted to set up a new closing date and offered to take back a purchase-money mortgage on the same terms offered by the original binder. The plaintiff refused to close title and renewed his demand for the return of his deposit.
The defendant moves for judgment on the pleadings under rule 112 of the Rules of Civil Practice and the plaintiff makes *956 a cross motion under rule 113 for summary judgment. There appears to he no triable issue of fact, the sole issue to be determined being a construction by the court of the conditional clause in regard to the obtaining of a mortgage and the exercise of the option thereunder.
Having been advised by the loaning institution that it had revoked its commitment on the 5th day of February, 1959, the plaintiff was justified in coming to the conclusion that he could not obtain a mortgage in accordance with the terms of the contract. And under such terms, he had the option to declare the contract null and void.
The rights of the parties were stabilized on the 5th day of February, 1959, and nothing that the defendant did thereafter could have any effect upon the matter. The parties bargained that a certain type of mortgage be obtained. The defendant could not substitute unless the plaintiff consented. This condition was accepted by the defendant when she executed the agreement. On the other hand, however, the plaintiff is also limited to the return of his deposit by the terms of the contract and may not recover the expenses incurred in the attempt to obtain the mortgage loan.
Accordingly, judgment is granted to the plaintiff as prayed for in the complaint to the extent of $1,500, with interest from the 12th day of February, 1959.
Settle order on notice.