■ ANTHONY SALVATI et al., Appellants, v. PERMANENT HOME BUILDERS, INC., Respondent.— In an action by vendees of real property (1) to recover their down payment on the contract of sale and (2) for a lien on the subject premises, plaintiffs appeal from a judgment of the Supreme Court, Queens County, dated March 27, 1968 and entered after a nonjury trial, which dis-

missed the complaint. Judgment reversed, on the law, without costs, and action remitted to the trial court for (1) a proper decision and finding, pursuant to CPLR 4213, as to whether plaintiffs' attorney was authorized by plaintiffs to approve and accept the late mortgage commitment and (2) further proceedings not inconsistent herewith. The findings of fact below are not affirmed. On January 31, 1967, plaintiffs entered into a contract with defendant for the purchase of two parcels of real property and the construction of two dwellings thereon. The contract provided that the deed would be delivered at the office designated by the institution accepting the anticipated mortgages, on or about April 3, 1967, and that the purchasers were to make applications to a lending institution designated by the seller for the mortgages. Paragraph 9 provided: " In the event the lending institution and/or V. A. and/or F. H. A. shall refuse to approve the application aforesaid for the amount set forth and upon the terms and conditions above described, then this contract shall become null and void and upon refunding the money deposited hereunder both parties shall be released from any liability hereunder." On or ·about March 1, 1967 plaintiffs were notified by the designated lending institution that the mortgage applications had been rejected. Plaintiffs then applied to a savings bank for a mortgage commitment but that application was also rejected. On or about March 26, 1967, plaintiffs informed their attorney that they wanted the contract abrogated. On April 10, 1967 plaintiffs' attorney made a written demand on defendant's attorney for the refund of the deposit. On April 18, 1967 the lending institution issued a mortgage commitment, which provided that the closing be held on or before May 16, 1967. On April 21, 1967 plaintiffs' attorney sent a letter to the defendant's attorney, acknowledging, pursuant to their telephone conversation that day, that on said date she had received a copy of the mortgage commitment and requesting an adjournment as she was leaving on vacation. At the trial, the sole witnesses were one of the plaintiffs and their attorney. Both denied that plaintiffs' attorney had been authorized by plaintiffs to accept or approve the mortgage commitment dated April 18, 1967. The trial court held that time was not of the essence, that the mortgage commitment had been obtained within a reasonable time after April 3, 1967, the closing date fixed in the contract, and that the purchasers had been notified through their attorney that the commitment had been obtained. The court further stated that, under the circumstances, it was unnecessary to determine the issue of fact as to whether their attorney was in fact clothed with authority to accept the commitment; and that she had ostensible authority. In our opinion, the rights of the parties were stabilized when plaintiffs demanded a refund of their deposit. Nothing that defendant did thereafter, without the authorization by and the consent of plaintiffs, could affect the matter (*Weschler* v. *Winter,* 20 Misc 2d 954; cf. *Zigman* v. *McMackin,* 6 A D 2d 907). However, a determination of fact as to whether plaintiffs' attorney was authorized by plaintiffs to approve and accept the mortgage commitment dated April 18, 1967 should have been made initially by the trier of the facts. No such determination was made. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Martuscello, JJ., concur.